## LYON COUNTY, RESPONDENT, *v.* WASHOE COUNTY, APPELLANT.

TRANSFER OF ACTION BY STIPULATION. Where a cause was transferred from one judicial district to another on a stipulation, which provided that if a trial should not be had in the new district by a certain time, the cause should be transferred back to the original district, and it was so transferred back : *Held,* no error.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

This was an action to have certain territory near the northeasterly corner of Storey County, claimed by Washoe County, declared to be a part of Lyon County and subject to its exclusive jurisdiction for judicial, election, taxation and other county purposes. The other cause referred to in the opinion of the Court is that of *Storey County* v. *Washoe County.* The mis-trials in Ormsby County resulted from disagreement of the juries. The bench was occupied by Judge Berry, of the Fifth Judicial District.

*Joseph Kutz* and *Clarke & Wells,* for Appellant.

*W. H. Gates* and *Williams & Bixler,* for Respondent.

By the Court, WHITMAN, J. :

This case with another was transferred from Humboldt County, Fifth Judicial District, to Ormsby County, Second Judicial District, under the terms of a general stipulation, on the twenty-ninth of July, 1869. It was brought on for trial twice in said Ormsby County, the last time on the tenth of January, 1870 ; both hearings resulting in a mis-trial. After the last, application was made upon the

stipulation and certain other matter for re-transfer of the two cases to Humboldt County, which motion was granted.

From the order so made this appeal is taken, and the whole question of error turns on the interpretation of the portion of the stipulation as follows: " An order for such change (from Humboldt to Ormsby County) may be made on filing a stipulation to that effect with the clerk of the District Court, Fifth District, which stipulation it is hereby agreed shall be made and signed in due form. It is further stipulated, that in the event said trial does not take place on or before the first day of October next, another order shall be made changing the venue back to the Fifth District, Humboldt County, unless the time for continuance of the actions in the second district be extended by agreement and stipulation of the parties hereto." The trial did not take place on the day stated, and by verbal understanding the original time was extended until the eighteenth of the same month; and upon a mis-trial, then further extended until the tenth of January, 1870, when a hearing was had which resulted in the same manner.

It is claimed by appellant that the object and purpose of the stipulation was to secure a trial at a convenient time in Ormsby County, and that no trial has practically been had; the case, under the stipulation, remains for such trial in Ormsby County. Respondent answers that one object was to try the case in Ormsby County, but that this was guarded by the reservation that the case could at any time be taken back to Humboldt after the first day of October, unless continued in Ormsby County by agreement and stipulation, and that none such has been made.

This view would seem to be correct. The word " continuance " in the stipulation appears to be used in the sense of remaining or continuing. If so, then after the first day of October, the cause would remain or continue in Ormsby County, whether for the purpose of trial or otherwise, only by further agreement and stipulation. An agreement which was respected by the parties was made on two occasions for a temporary postponement for trial, which resulted as aforesaid; but no general agreement or stipulation for continuing the case in the Second District; and now none such exists, and in absence thereof, the order was made by the District Judge sending

the cases to Humboldt. Under the view taken, this order was correct.

It is therefore ordered that the order appealed from be, and the same is hereby, affirmed.

By JOHNSON, J., dissenting :

This case in the lower Court stands precisely in the condition that it would had the trial occurred on or before the first of October, 1869, seeing that the parties thereto consented that such trial should be postponed to a later day, and for reasons we know not, perhaps at the instance of, and for the convenience of, the moving party ; yet, certainly the legal presumption is, that such postponement was not detrimental to either, nor for which cause, either party can here claim any advantage. Hence, neither party can upon motion be entitled to a transfer of the cause back to Humboldt County, simply because the case was not tried in Ormsby County on or before the first of October. The proceedings had in the case on the eighteenth of October, 1869, and yet later—the tenth of January, 1870—are by force of the agreement of the parties, in accordance with the terms of the stipulation, as fully performed as if these things had occurred on the preceding first of October. They had stipulated that a given day should be the limit of time when the trial should be had in Ormsby County, and the contracting parties thereafter agreed that the time should be extended, and consequently when the time originally appointed had by consent been passed over, time no longer could be considered in determining the relative jurisdiction of Ormsby and Humboldt Counties. Thereafter, in my judgment, the case could not be taken from Ormsby County except for statutory causes, none of which are shown.

In support of these conclusions, I refer to the several stipulations of the parties as appear in the record as follows : " In the above entitled actions the parties by their counsel stipulate as follows :

I. That the venue of the two first above named actions shall be changed to the County of Ormsby, Second Judicial District, provided either Judge George G. Berry or Wm. H. Beatty will agree

to preside at the trial hereinafter mentioned, and at a time fixed not later than the first day of October, next. That an order for such change may be made on filing a stipulation to that effect with the clerk of the District Court, Fifth District, which stipulation it is hereby agreed shall be made and signed in due form. It is further stipulated that in the event said trial does not take place on or before the first day of October, next, another order shall be made changing the venue back to the Fifth District, Humboldt County, unless the time for continuance of the actions in the Second District be extended by agreement and stipulation of the parties hereto."

" The parties in the above entitled action hereby stipulate that an order may be entered changing the place of trial of said action to the Second District Court, Ormsby County, State aforesaid, and that the clerk of the above entitled Court transmit all the original papers in said action with a copy of the order above named to the clerk of the District Court of the Second District." That by verbal understanding of the parties, the action was postponed from time to time, until the eighteenth day of October, A.D. 1869, when a trial was commenced and ended by disagreement of the jury. The latter jury having been discharged, and no judgment entered, the Court upon the facts aforesaid granted plaintiffs' motion for change of the place of trial of said action, and made an order accordingly. I think the order of the Court below ordering the case back to Humboldt County for trial was unauthorized, and therefore I must dissent from the judgment pronounced by my associates of the Court.